**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Thomas Anthony HYATT,
Defendant–Appellant.**

**No. 06–10611.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 19, 2007.

Filed Oct. 31, 2007.

USSAC—Office of the U.S. Attorney, Sacramento, CA, for Plaintiff–Appellee.

FPDCA—Federal Public Defender's Office, Sacramento, CA, for Defendant–Appellant.

Before: KLEINFELD and RAWLINSON, Circuit Judges, and RESTANI,* Judge.

### MEMORANDUM **

Defendant–Appellant Thomas Hyatt ("Hyatt") pleaded guilty to violating 18 U.S.C. § 2422(b). The district court sentenced him pursuant to the United States Sentencing Guidelines ("Guidelines" or "USSG"). Hyatt appeals the sentence.

We have jurisdiction pursuant to 28 U.S.C. § 1291. In reviewing a district court's sentence, "we consider whether the district court accurately calculated the Guidelines range and, if it did, whether the sentence is reasonable in light of the sentencing factors set forth in 18 U.S.C. § 3553(a)." *United States v. Marcial–Santiago,* 447 F.3d 715, 717 (9th Cir.2006) (citing *United States v. Cantrell,* 433 F.3d 1269, 1279–80 (9th Cir.2006)).

Hyatt concedes that the district court correctly applied USSG § 2G1.3(c)(1) and the sentence imposed is below the applicable Guidelines range. He argues only that the sentence is unreasonable in light of his mental illness. In imposing the 96–month sentence, the district court fully considered the 18 U.S.C. § 3553(a) factors, including the influence of Hyatt's mental illness. We conclude that the sentence is reasonable.

Accordingly, the judgment of the district court is AFFIRMED.

---

* The Honorable Jane A. Restani, Chief Judge, United States Court of International Trade, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

